CHARLES F. PURVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purvis v. Commissioner
Docket No. 10183-76.
United States Tax Court
T.C. Memo 1978-151; 1978 Tax Ct. Memo LEXIS 362; 37 T.C.M. (CCH) 653; T.C.M. (RIA) 780151; April 19, 1978, Filed Charles F. Purvis, pro se. Gary C. Gough, for respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's Motion for Partial Summary Judgment with respect to the deficiencies determined and is fully stipulated with respect to the additions to tax determined. Respondent determined deficiencies in petitioner's income tax and additions to tax for the calendar years and in the amounts as follows: Calendar
Additions to Tax, I.R.C. 1954 [1] Year
Deficiencies
Sec. 6651(a)
Sec. 6653(a)
1970
$ 293
$ 73
$ 15
1971
774
193
39
1972
297
67
15
1974
9,128
55
456
*363 Petitioner, who resided in Fairbanks, Alaska, at the time he filed his petition in this case, filed his individual Federal income tax returns for the calendar years 1970, 1971, 1972 and 1974 with the Director, Ogden Service Center, Ogden, Utah, on June 4, 1975. On each of these returns petitioner set forth an amount which he reported as wages or salaries but showed no taxable income and no income tax due because of claiming in each year as a miscellaneous deduction an amount which he denominated as "War Crimes Deduction" in an amount approximately equal to the income which he reported. Petitioner in his petition alleged that it was his sincere conviction that he incurred no tax liability for the years here in issue since he was resisting Federal taxes in compliance with international law. He alleged that respondent should be directed to refund to him all amounts withheld from his wages against his will "while the Vietnam War was in progress" or otherwise it became a matter for an International Tribunal to decide his guilt or innocence. At the time of the trial, pursuant to leave granted, *364 petitioner amended his petition to allege that payment of his taxes would be in violation of the provisions of Title 18, U.S.C., sec. 960, which prohibits individual military expeditions against foreign countries or people with whom the United States is at peace. [2] At the trial, there was received as part of petitioner's argument a statement, which he had signed, under a heading "Taxpayers for International Law and Order" purportedly confessing as a citizen of the United States crimes against peace, against humanity and war crimes and accepting a share of the responsibility for actions in Vietnam because of having "contributed our fair share of the one Hundred Fifty billion dollars used to prosecute and [sic] undeclared war." *365 Respondent, in his notice of deficiency, disallowed in full petitioner's claimed "War Crimes Deduction" and redetermined petitioner's tax accordingly. Respondent further determined that petitioner was liable for the additions to tax under section 6651(a) since his returns were not timely filed, and the additions to tax under section 6653(a) since the underpayment of tax was due to intentional disregard of rules and regulations. With respect to petitioner's claimed war crimes deduction, he has raised no issues that were not thoroughly considered and disposed of by this Court in Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973). For the reasons set forth in detail in the above-cited cases, we conclude that respondent properly disallowed the war crimes deductions claimed by petitioner in each of the years here in issue. Petitioner's reliance on the provisions of section 960 of Title 18 of the U.S. Code is equally misplaced. Petitioner, by payment of taxes, would not be the person making the decision as to the use of those taxes and, therefore, clearly *366 payment of taxes, however those taxes might be used by Congressional appropriation, would not fall within the provisions of section 960 of Title 18, U.S.C., of furnishing money for a military or naval expedition against a foreign country or people with whom the United States is at peace. At the trial petitioner frankly admitted, as the stipulated facts show, that his returns were not timely filed and offered no explanation as to why they were not timely filed. Petitioner offered no evidence of why his claim for a "war crimes deduction" was not an intentional disregard of the rules and regulations which allow deductions only as provided by statute. In fact, at the trial, petitioner specifically stated that his action in this regard was deliberate - the inference from his statement being that it was a deliberate violation of the rules and regulations of the Internal Revenue Service. Petitioner has failed to show any error in respondent's determination of additions to tax under sections 6651(a) and 6653(a). Respondent's Motion for Summary Judgment will be granted, and Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Tit. 18, U.S.C. § 960, states: Expedition against friendly nation. -- Whoever, within the United States, knowingly begins or sets on foot or provides or prepares a means for or furnishes the money for, or takes part in, any military or naval expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony, district, or people with whom the United States is at peace, shall be fined not more than $3,000 or imprisoned not more than three years, or both.↩